UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

JUSTIN ATTAI, on behalf of
himself and all others similarly
situated,

        *Plaintiffs,*        Case No._____

v.

DELIVERY DUDES, LLC,        COMPLAINT AND DEMAND
DELIVERY DUDES        FOR JURY TRIAL
FRANCHISE SYSTEMS, LCC,
DUDE HOLDINGS, LLC,
JAYSON KOSS, RYAN STURGIS,
MICHAEL SILVERMAN and AUSTIN
RAPPAPORT

        *Defendants.*

## COMPLAINT

Plaintiff JUSTIN ATTAI, on behalf of himself and similarly situated persons who have worked or are working as delivery drivers for Delivery Dudes, LLC, (and/or any Defendant corporation and/or individual) who consent to their inclusion ("Plaintiffs"), sues DELIVERY DUDES, LLC, DELIVERY DUDES FRANCHISE SYSTEMS, LLC, DUDE HOLDINGS, LLC, JAYSON KOSS, RYAN STURGIS, MICHAL SILVERMAN and AUSTIN RAPPAPORT (Collectively, "Defendants") for unlawfully misclassifying him and others similarly situated as independent contractors rather than employees, paying them below minimum wage and failing to pay Plaintiff and the putative class federal minimum wage and overtime at the rate of one and one half times the federal minimum wage in violation of the Fair Labor Standards Act.

## SUMMARY

1. Defendants employ 50 to 60 drivers to deliver food from restaurants that do not provide delivery services to patrons who order the food through an online system. The drivers work regular schedules, wear uniforms, are dispatched from a central location. They are subject to policies and procedures of Defendants.

2. Said differently, Plaintiffs are employees of Defendants.

3. Defendants pay their employees fifty cents per delivery – often working as much as 50 or 60 hours a week.

4. Upon information and belief, if Plaintiffs do not make a certain number of deliveries, their pay is supplemented – still far below minimum wage.

**JURISDICTION AND VENUE**

5. This Court has jurisdiction over this action pursuant to 29 U.S.C. §216(b) and 28 U.S.C. §1331 because this action involves a federal question under the Fair Labor Standards Act.

6. This court his a proper venue for this action pursuant to 28 U.S.C. §1391(b) because Defendants' principal address and place of business at 824 East Atlantic Avenue, Delray Beach, FL, as well as the acts complained of herein, are within the district.

**PARTIES**

7. At all times relevant to this action, Plaintiff JUSTIN ATTAI is a Florida resident residing in Broward County. Plaintiff was employed by Defendants starting in April 2015.

8. Defendant Delivery Dudes, LLC, Delivery Dudes Franchise Systems, LLC and Dude Holdings, LLC are domestic for-profit corporations organized and existing under the

laws of Florida, with its principle place of business located at 824 E. Atlantic Avenue, Broward County, Florida. At all times relevant, Delivery Dudes, LLC, Delivery Dudes Franchise Systems, LLC and Dude Holdings, LLC are engaged in transportation and delivery services in Florida. Their registered agent for service is Jayson Koss, also named as a defendant.

9. Upon information and belief, Defendants Jayson Koss, Ryan Sturgis, Michael Silverman and/or Austin Rapporport are owners and/or managers of Delivery Dudes, LLC and/or Delivery Dudes Franchise Systems, LLC and/or Dude Holdings, LLC.

10. Jayson Koss resides at 216 NE 16th Street, Delray Beach, FL 33444

11. Michael Silverman resides at 6683 H Montego Bay Blvd., Boca Raton, FL 33433

12. Ryan Sturgis resides at 915 Mango Isle, Fort Lauderdale, FL 33315

13. Austin Rappaport resides at 13900 Jog Rd. 2030-0169, Delray Beach, FL 33446

14. Delivery Dudes has more than two employees and generates more than $500,000 in revenue.

15. Defendants engage in interstate commerce by using the instrumentalities of commerce, including but not limited to processing credit card transactions, use of the telephone and internet.

**FACTS**

16. Defendants employ Attai as a driver.

17. Attai is paid at the rate of fifty cents per delivery.

18. The standard shift for workers at Defendant's business is 4PM to 11PM, though commonly more hours were necessary.

19. Attai commonly worked the 4PM to 11PM shift, but others were available.

20. During that 7-hour shift, it is common to make 6 – 7 deliveries, for a total pay of $3.50 - $4.00.

21. Said differently, Defendants are paying their workers .50 cents an hour.

22. With signing up for additional shifts per week, employees can put in between 50 and 60 hours – all compensated at the rate of .50 cents an hour.

23. The minimum wage for employees for whom a tip credit is claimed is $5.03 per hour.

24. When performing deliveries, Attai is expected to use his own vehicle, for which he does not receive any reimbursement whatsoever – not for fuel or wear and tear.

25. Defendants do not claim a tip credit for their employees.

26. Defendants are ineligible for a tip credit because they do not pay employer taxes.

27. Attai does not control his own schedule – he is subject to the schedule of Defendants and relies on them for all of his business.

28. Attai wears a uniform during all relevant times during his employment.

29. Attai is required to make deliveries assigned to him through a central dispatching system located at Defendants' headquarters.

30. Put simply, Attai is an employee of Delivery Dudes, LLC.

## COLLECTIVE ACTION ALLEGATIONS

31. Attai brings this case as an "opt-in" collective action on behalf of similarly situated employees of Defendants pursuant to 29 U.S.C. § 216(b).

32. Attai, on behalf of himself and others similarly situated, seeks relief on a collective basis challenging Defendant's illegal pay practices.

33. The total number and identities of the Class members may be determined from the records of Defendants and the Class may easily and quickly be notified of the pendency of this action.

34. Plaintiff Attai is similar to the Class because he and the Class have been required to participate in an illegal scheme to defraud workers of their wages and misclassify them as independent contractors.

35. Plaintiff Attai's experience is typical of the experiences of the Class.

36. Defendants' failure to pay minimum and overtime wages at the rates required by the FLSA results from generally applicable policies or practices and does not depend on the personal circumstances of Attai or the Class.

37. Specific job titles or job duties of the Class do not prevent collective treatment.

38. All potential members of the Class, irrespective of their particular job duties, are entitled to the applicable minimum wage for all hours worked.

39. All potential members of the Class, irrespective of their particular job duties, are entitled to the difference between the overtime rate of pay they received and the overtime rate of pay they should have received for all overtime hours worked.

40. Although the issue of damages can be individual in character, there remains a common nucleus of liability facts.

## COUNT I: MINIMUM WAGE VIOLATION

41. Plaintiff re-alleges and incorporates by reference the facts set forth above in paragraphs 1-40.

42. Defendants' policy and practice of not paying its workers the Federal minimum wage, violates the FLSA. 29 U.S.C. §206(a)(1)(C).

43. Defendants knew or should have known that their policies and practices relating to pay and overtime practices violate the FLSA.

44. Rather, Defendants have knowingly, willfully, and/or with reckless disregard, carried out, and continue to carry out their illegal pay and overtime practices.

45. Defendants have not sought the counsel of an attorney or consulted with the Department of Labor on validity of their pay practices.

46. Attai and the Class are entitled to the applicable minimum wage for all hours worked, plus liquidated damages, interest, costs and attorneys fees under 29 U.S.C. § 216(b).

## COUNT II: OVERTIME VIOLATIONS

47. Plaintiff re-alleges and incorporates the facts set forth in Paragraphs 1 – 40.

48. Attai and the Class are entitled to one and one half times the applicable minimum wage for every hour they worked in excess of 40 per week.

49. Defendants' policy and practice of failing to properly pay overtime wages violates the FLSA as described in the incorporated paragraphs.

50. Attai and the Class are entitled to an amount equal to their unpaid overtime wages plus liquidated damages, as well as reasonable attorney's fees, interest, and costs of this action. 29 U.S.C. § 216(b).

## JURY DEMAND

51. Plaintiff demands a trial by jury on all questions of fact so triable.

**WHEREFORE**, Plaintiff respectfully requests judgment be entered in his favor awarding the Plaintiff and the Class:

a. the difference between their hourly rate and the applicable minimum wage for all hours worked;

b. the difference between their overtime rate and the properly calculated overtime rate for all overtime hours worked;

c. an equal amount as liquidated damages as allowed under the FLSA;

d. reasonable attorney's fees, costs, and expenses of this action as provided by the FLSA;

e. pre-judgment and post judgment interest at the highest rates allowed by law; and

f. such other relief as to which Plaintiff and the Class Members may be entitled

g. and any other relief that this Court sees fit to grant.

Respectfully submitted this 1st day of December, 2015

_____
R. Edward Rosenberg
Morgado, P.A.
1 Alhambra Plaza, PH Floor
Coral Gables, FL 33134
p. 855-899-9121
f. 855-899-9191
rer@morgado.us

*ATTORNEY FOR PLAINTIFF AND PURPORTED CLASS*