UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 15-CIV-62522-BLOOM/Valle

JUSTIN ATTAI, on behalf of himself and all
others similarly situated,

    Plaintiffs,

v.

DELIVERY DUDES, LLC, *et al.*,

    Defendants.
_____/

### ORDER GRANTING MOTIONS TO DISMISS

This cause is before the Court upon Defendant Jayson Koss's Motion to Dismiss and, Alternatively, Motion for More Definite Statement, ECF No. [12] (the "Motion"), and Defendants, Delivery Dudes, LLC, Delivery Dudes Franchise Systems, LLC, and Dude Holdings, LLC's Motion to Dismiss or, Alternatively, Motion for More Definite Statement, ECF No. [23] (collectively, the "Motions").[1]  The Court has considered the Motions, all supporting and opposing filings, Plaintiff Justin Attai's Complaint, ECF No. [1], the record in this case, and is otherwise fully advised.  For the following reasons, the Motions are granted.

### I. BACKGROUND

Plaintiff Justin Attai ("Plaintiff") commenced this action against three corporate entities, Defendants Delivery Dudes, LLC, Delivery Dudes Franchise Systems, LLC, and Dude Holdings, LLC (the "Corporate Defendants"), as well as four individuals, Defendants Jayson Koss

---

[1] Defendants, Delivery Dudes, LLC, Delivery Dudes Franchise Systems, LLC, and Dude Holdings, LLC's Motion to Dismiss or, Alternatively, Motion for More Definite Statement, ECF No. [23], merely seeks to join in the arguments presented by Defendant Jayson Koss in his Motion to Dismiss and, Alternatively, Motion for More Definite Statement, ECF No. [12].

1

("Koss"), Ryan Sturgis ("Sturgis"), Michael Silverman ("Silverman"), and Austin Rappaport ("Rappaport") (the "Individual Defendants") (collectively, "Defendants"), for minimum wage and overtime violations cognizable under the provisions of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA").  *See generally* Complaint ("Compl."), ECF No. [1].  According to Plaintiff, "Defendants" engage in a food-delivery business, employing fifty to sixty drivers who work regular schedules, wear uniforms, and are dispatched from a central location.  *Id.* at ¶ 1.  Drivers are paid fifty cents per delivery and often work as much as fifty to sixty hours per week.  *Id.* at ¶ 3.  Further, Plaintiff alleges that "Defendants engage in interstate commerce by using the instrumentalities of commerce, including but not limited to processing credit card transactions, [as well as] use of the telephone and internet."  *See id.* at ¶ 15.  Plaintiff was purportedly one such employee.  *See id.* at ¶¶ 2, 14, 16-17.

Plaintiff asserts that he commonly worked a shift from 4:00 p.m. to 11:00 p.m., during which he would make six to seven deliveries at fifty cents per delivery.  *Id.* at ¶¶ 18-20.  Thus, Plaintiff would make approximately one delivery per hour, rendering an hourly wage of fifty cents per hour.  *See id.* at ¶¶ 20-21.  Like other drivers, Plaintiff utilized his own vehicle for deliveries, did not control his schedule, and was obligated to wear a uniform and make those deliveries assigned to him through a central dispatching system located at "Defendants' headquarters."  *Id.* at ¶¶ 24-29.  Consequently, Plaintiff maintains that he was an employee of "Delivery Dudes, LLC."  *Id.* at ¶ 30.  Based on "Defendants'" pay procedures, Plaintiff contends that Defendants have knowingly and willfully engaged in illegal minimum wage and overtime practices, in violation 29 U.S.C. §§ 206 and 207 of the FLSA.  *See id.* at ¶¶ 42-50.  Defendants Koss and the Corporate Defendants now seek dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6).  *See generally* Motions.

## II. LEGAL STANDARD

Rule 8 of the Federal Rules requires a pleading to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although a complaint "does not need detailed factual allegations," it must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining that Rule 8(a)(2)'s pleading standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation"). In the same vein, a complaint may not rest on "'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557 (alteration in original)). These elements are required to survive a motion brought under Rule 12(b)(6) of the Federal Rules of Civil Procedure, which requests dismissal for "failure to state a claim upon which relief can be granted."

When reviewing a motion under Rule 12(b)(6), a court, as a general rule, must accept the plaintiff's allegations as true and evaluate all plausible inferences derived from those facts in favor of the plaintiff. *See Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1337 (11th Cir. 2012); *Miccosukee Tribe of Indians of Fla. v. S. Everglades Restoration Alliance*, 304 F.3d 1076, 1084 (11th Cir. 2002); *AXA Equitable Life Ins. Co. v. Infinity Fin. Grp., LLC*, 608 F. Supp. 2d 1349, 1353 (S.D. Fla. 2009) ("On a motion to dismiss, the complaint is construed in the light most favorable to the non-moving party, and all facts alleged by the non-moving party are accepted as true."). Accordingly, a court considering a Rule 12(b) motion is generally limited to the facts contained in the complaint and attached exhibits, including documents referred to in the complaint that are central to the claim. *See Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 959 (11th Cir. 2009); *Maxcess, Inc. v. Lucent Technologies, Inc.*, 433 F.3d 1337, 1340 (11th Cir.

2005) ("[A] document outside the four corners of the complaint may still be considered if it is central to the plaintiff's claims and is undisputed in terms of authenticity.") (citing *Horsley v. Feldt*, 304 F.3d 1125, 1135 (11th Cir. 2002)).

However, although a court is required to accept all of the allegations contained in the complaint and exhibits attached to the pleadings as true, this tenet is inapplicable to legal conclusions. *Iqbal*, 556 U.S. at 678; *Thaeter v. Palm Beach Cnty. Sheriff's Office*, 449 F.3d 1342, 1352 (11th Cir. 2006). The Supreme Court has stated that courts "are not bound to accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555.

### III. DISCUSSION

Defendants Koss and the Corporate Defendants challenge the adequacy of Plaintiff's assertions on several bases, namely, that Plaintiff fails to allege sufficient facts to establish either enterprise or individual coverage under the FLSA, that Defendants are joint enterprises or joint employers, and that Defendant Koss acted as an "employer" as defined by the FLSA. *See generally* Motion.

#### A.   Enterprise and Individual Coverage under the FLSA

The FLSA provides for two forms of coverage, individual coverage and enterprise coverage. *Thorne v. All Restoration Servs., Inc.*, 448 F.3d 1264, 1265-66 (11th Cir. 2006) ("Under FLSA, an employer is required to pay overtime compensation if the employee can establish enterprise coverage or individual coverage."); *Polycarpe v. E&S Landscaping Serv., Inc.*, 616 F.3d 1217, 1220 (11th Cir. 2010) (noting that "either individual coverage or enterprise coverage can trigger the Act's applicability"). "For individual coverage to apply under FLSA, [the plaintiff] must [] provide[] evidence . . . that he was (1) engaged in commerce or (2) engaged in the production of goods for commerce." *Thorne*, 448 F.3d at 1266 (citing 29 U.S.C.

§ 207(a)(1)). On the other hand, "[a]n employer falls under the enterprise coverage section of the FLSA if it 1) 'has employees engaged in commerce or in the production of goods for commerce, or that has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person' and 2) has at least $500,000 of 'annual gross volume of sales made or business done.'" *Polycarpe*, 616 F.3d at 1220 (quoting 29 U.S.C. § 203(s)(1)(A)).

"The question of enterprise coverage implicates both the Court's jurisdiction and the merits of the case." *Vignoli v. Clifton Apartments, Inc.*, 930 F. Supp. 2d 1342, 1345 (S.D. Fla. 2013) (citing *Gonzalez v. Old Lisbon Restaurant & Bar, LLC*, 820 F. Supp. 2d 1365, 1367 (S.D. Fla. 2011)). When a party questions the viability of a plaintiff's claim of enterprise coverage, the "the Court should find it has jurisdiction and deal with the question as an attack on the merits of the case." *Id.* (citation omitted). Defendants contend that Plaintiff's allegations concerning both individual and enterprise coverage are either conspicuously absent, or minimalist and conclusory. Viewing the allegations through the lens of Rule 12(b)(6), the Court agrees.

As noted, individual coverage requires an employee to show that he was either "(1) engaged in commerce or (2) engaged in the production of goods for commerce." *Thorne*, 448 F.3d at 1266 (citing 29 U.S.C. § 207(a)(1)). The "engaged in commerce" requirement is satisfied where the employee "directly participat[es] in the actual movement of persons or things in interstate commerce by (i) working for an instrumentality of interstate commerce . . . or (ii) by regularly using the instrumentalities of interstate commerce in his work." *Scott v. K.W. Max Investments, Inc.*, 256 F. App'x 244, 248 (11th Cir. 2007) (quoting *Thorne*, 448 F.3d at 1266). Plaintiff's sole allegation related to this requirement is that "Defendants engage in interstate

5

commerce by using the instrumentalities of commerce, including but not limited to processing credit card transactions, [as well as] use of the telephone and internet." *See* Compl. at ¶ 15.

Courts have repeatedly held that the mere processing of credit cards, without more, is insufficient to constitute individual coverage, even at the pleading stage. *See Mayo v. Jean Nicole Hair Salons, Inc.*, No. 2:15-CV-115-FTM, 2015 WL 4751202, at *3 (M.D. Fla. Aug. 11, 2015) (holding that "merely using a customer's credit card to ring up the sale does not constitute interstate commerce," particularly where the subject of the transaction was performed locally) (citation omitted); *Schamis v. Josef's Table, LLC*, No. 12-80638-CIV, 2014 WL 1463494, at *4 (S.D. Fla. Apr. 15, 2014) (finding allegations did not demonstrate engagement in commerce based on, *inter alia*, processing credit card transactions for goods purchased locally); *Marckenson v. LAL Peker, LLC*, No. 1:11-CV-22617-KMM, 2011 WL 5023422, at *4 (S.D. Fla. Oct. 19, 2011) (granting motion to dismiss where the plaintiff "failed to produce any evidence indicating that by merely processing credit cards for goods purchased locally he was engaging in interstate commerce"); *see also Joseph v. Nichell's Caribbean Cuisine, Inc.*, 862 F. Supp. 2d 1309, 1313 (S.D. Fla. 2012), *as amended* (July 17, 2012) ("Usage of credit cards is insufficient for purposes of establishing FLSA individual coverage.") (citation omitted). Similarly, the mere use of a telephone or the Internet does not evidence regular use of the instrumentalities of interstate commerce. *Cf. Lefevre v. La Cote Basque Winehouse, Inc.*, No. 8:15-CV-1428-T-23TBM, 2015 WL 6704107, at *1 (M.D. Fla. Nov. 3, 2015) (use of "interstate telephone" sufficient to establish individual coverage). Plaintiff does not allege that he utilized these purported instrumentalities to communicate with out-of-state customers in any fashion but, rather, simply alleges that he used them in general. *See generally Ceant v. Aventura Limousine & Transp. Serv., Inc.*, 874 F. Supp. 2d 1373, 1378 (S.D. Fla. 2012) (noting that a plaintiff must

simply "provide [] straightforward allegations connecting that work to *interstate* commerce" (emphasis supplied)). Merely because an instrumentality *may* be used in interstate commerce, does not mean the instrumentality *is* used in interstate commerce (for instance, a telephone may be used to call locally, or to call across state lines). The Commerce Clause is not so unbridled as to apply to all transactions that potentially implicate interstate commerce but, in reality, do not. *See generally Navarro v. Broney Auto. Repairs, Inc.*, 533 F. Supp. 2d 1223, 1226 (S.D. Fla. 2008) *aff'd*, 314 F. App'x 179 (11th Cir. 2008) ("The phrase 'engaged in commerce' reflects Congress's intent to regulate 'only activities constituting interstate commerce, not activities merely affecting commerce.'" (quoting Thorne, 448 F.3d at 1266)). Furthermore, such a threadbare recitation lacking factual enhancement is insufficient under the standard elucidated in *Iqbal*. 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").[2]

Because Plaintiff fails to adequately plead the "engaged in commerce" requirement, allegations establishing enterprise coverage are also lacking. *See Polycarpe*, 616 F.3d at 1220 (stating that enterprise coverage applies where an employer "has employees *engaged in*

---

[2] Plaintiff cites *Gonzalez v. Unidad of Miami Beach, Inc.*, No. 11-20649-CIV, 2011 WL 2983671 (S.D. Fla. July 22, 2011), in support of his argument, believing that the Court in *Gonzalez* relied on a specific paragraph of the complaint to determine that the plaintiff had adequately alleged that defendants were engaged in interstate commerce. *See* Plaintiff's Response ("Pl. Resp."), ECF No. [29] at 5 n.20. The point raised provides a poignant comparison between the allegations in the case *sub judice* and those ostensibly present in *Gonzalez*. The use of the internet and telephonic transmissions to conduct business over state lines may support a conclusion that an employee is "engaged in commerce." Here, however, the Complaint is devoid of such allegations.

*commerce* . . ." (emphasis added)).  Consequently, Plaintiff's Complaint fails to plead facts indicating that either individual coverage or enterprise coverage under the FLSA is appropriate.[3]

      **B.**      **Joint Enterprise Coverage**

As with the lack of allegations establishing enterprise coverage, Plaintiff fails to present allegations of a joint enterprise.  Under the FLSA's enterprise coverage, two businesses may be considered a joint enterprise if they are sufficiently related, allowing several employers to be simultaneously liable for the same FLSA violations.  *Vignoli*, 930 F. Supp. 2d at 1346 (citing *Gonzalez*, 820 F. Supp. 2d at 1368).  To allege a joint enterprise, a plaintiff must allege facts that the businesses in question "(1) performed related activities, (2) through a unified operation or common control, and (3) for a common business purpose." *Gonzalez*, 820 F. Supp. 2d at 1368 (citing 29 C.F.R. § 779.202; *Donovan v. Easton Land & Dev., Inc.*, 723 F.2d 1549, 1551 (11th Cir. 1984)).

Plaintiff points to the single allegation that "Defendants employ [Plaintiff] as a driver," Compl. at ¶ 16, and asserts that it is sufficient to establish joint enterprise coverage.  *See* Pl. Resp. at 7.  Even when drawing this allegation in the light most favorable to Plaintiff, it still falls considerably short of what could reasonably be deemed a well-pled allegations and is more appropriately considered a threadbare and conclusory accusation as to joint enterprise coverage. The fact that the Corporate Defendants share a root name is equally unsatisfactory; the Corporate

---

[3] In response, Plaintiff references exhibits not attached to the Complaint. *See* Pl. Resp. at 5.  In general, the Court does not consider any items beyond the face of the complaint and the documents attached thereto when addressing a motion to dismiss.  *Fin. Sec. Assur., Inc. v. Stephens, Inc.*, 500 F.3d 1276, 1284 (11th Cir. 2007) (citing *Brooks v. Blue Cross & Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1368 (11th Cir. 1997)).  The Eleventh Circuit provides an exception where "a plaintiff refers to a document in its complaint, the document is central to its claim, its contents are not in dispute, and the defendant attaches the document to its motion to dismiss." *Id.* (citing *Harris v. Ivax Corp.*, 182 F.3d 799, 802 n.2 (11th Cir. 1999); *Brooks*, 116 F.3d at 1368-69).  These exhibits are not referenced in the Complaint and, therefore, this exception is inapplicable.  Therefore, the Court declines to consider them.

Defendants are distinct legal entities regardless of their common designations. By referencing this lone allegation seemingly unrelated to any theory of joint enterprise, Plaintiff appears to concede that the Complaint is bereft of any elements to establish a joint enterprise.[4] Plaintiff's insistence that discovery is required to determine the corporate structure at work is immaterial and, moreover, refuted by the assertions contained in Plaintiff's Response where Plaintiff includes various "facts" concerning the nature of the relationship between the parties. *See* Pl. Resp. at 9. Although discovery will undoubtedly reveal a more intimate picture of the affiliation between the parties, the Plaintiff is, nevertheless, obligated to introduce a modicum of factual allegations, accepted as true, which allow for the conclusion that the various Defendants may be simultaneously liable. *See Gonzalez*, 820 F. Supp. 2d at 1368. The unrestrained commingling of both the Corporate Defendants and the Individual Defendants into a single reference, "Defendants," is improper without additional allegations establishing the propriety of the same.

B.   **Joint Employers**

An "employer" is defined by the FLSA as "any person acting directly or indirectly in the interest of an employer in relation to an employee." 29 U.S.C. § 203(d). An entity "employs" a person under the FLSA if it "suffer[s] or permit[s]" the individual to work. *Id.* § 203(g). "[T]he FLSA contemplates that a covered employee may file suit directly against an employer that fails to pay him the statutory wage, or may make a derivative claim against any person who (1) acts

---

[4] Plaintiff also asserts that the "network of LLCs satisfies [the definition of joint enterprise]," because each of the Corporate Defendants "serves a purpose in furtherance of [the] business," and because the Individual Defendants are either managers or registered agents for the Corporate Defendants." *See* Pl. Resp. at 7. A plaintiff "may not amend his complaint through new allegations raised when responding to a motion to dismiss." *Wennersten v. Commercial Diver Servs., N.A. Inc.*, No. 12-60975-CIV, 2012 WL 3230419, at *1 n.1 (S.D. Fla. Aug. 6, 2012) (citing *Bruhl v. Price Waterhouse Coopers Int'l*, No. 03–23044, 2007 WL 997362, at *4 (S.D. Fla. Mar. 27, 2007; *Walker v. City of Orlando*, No. 07–651, 2007 WL 1839431, at *5 (M.D. Fla. Jun. 26, 2007)).

on behalf of that employer and (2) asserts control over conditions of the employee's employment." *Josendis v. Wall to Wall Residence Repairs, Inc.*, 662 F.3d 1292, 1298 (11th Cir. 2011) (citing *Patel v. Wargo*, 803 F.2d 632, 637-38 (11th Cir. 1986)). "In determining whether a party is an employer, courts have long assessed the economic reality of the relationship between the employee and the alleged employer." *Ceant*, 874 F. Supp. 2d at 1381 (quoting *Baltzley v. Berkley Group, Inc.*, 2010 WL 3505104, at *3 (S.D. Fla. Sept. 3, 2010)). "The economic reality test suggests an employee-employer relationship may exist where the alleged employer hires and fires employees, supervises and controls employee work schedules or conditions of employment, determines the rate and method of payment, or maintains employment records." *Id.* (citation omitted).

Review of the Complaint reveals that it is utterly lacking in any allegations which concern the relationship between the various Defendants. As noted, Plaintiff promptly combines the eight Defendants into one collective term, "Defendants," without little explanation as to how the entities and individuals are associated. In fact, Plaintiff incorporates a conflicting assertion, stating that "[p]ut simply, [Plaintiff] is an employee of" one of the Corporate Defendants, Defendant Delivery Dudes, LLC, but not the others. Compl. at ¶ 30. While Plaintiff does, however, indicate that the Individual Defendants are the "owners and/or managers" of the Corporate Defendants, see Complaint at ¶ 9, he fails to elaborate on that fact in any respect, providing no facts that would allow for, at a minimum, an inference that certain Individual Defendants have the authority to oversee day-to-day operations, play a supervisory role, etc. Stated simply, this single allegation is conclusory and unsupported by pertinent factual assertions. In *Baltzley v. Berkley Group, Inc.*, 2010 WL 3505104 (S.D. Fla. Sept. 3, 2010), the Court found the conclusion that each individual defendant was an employer to be supported by

relevant factual assertions, to wit, that "each of the Individual Defendants regularly performed acts of hiring and firing, setting work schedules, and controlling operations and finances of the various Corporate Defendants." *Id.* at *3. The Court also noted that the allegations "reflect[ed] a modicum of individuation as to the Individual Defendants'" role. *Id.* In contrast, no such allegations are included in Plaintiff's Complaint. Thus, the Complaint fails to adequately advance a theory of joint employment and fails to allege how the Individual Defendants may be held liable under the FLSA.[5]

## IV. CONCLUSION

Plaintiff's allegations are lacking in factual detail. As a result, dismissal is warranted. However, the Supreme Court has instructed that "[i]n the absence of any apparent or declared reason—such as undue delay, bad faith, or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of the allowance of the amendment, futility of amendment, etc.—[leave to amend] should, as the rules require, be 'freely given.'" *Foman v. Davis*, 371 U.S. 178, 182 (1962) (citing Fed. R. Civ. P. 15). Pursuant to *Foman*, Plaintiff shall be permitted to cure the deficiencies outlined above. Plaintiff shall clarify those allegations concerning enterprise and individual coverage, joint enterprise coverage, joint employer status, and individual liability as to the purported corporate officers.

It is, therefore, **ORDERED AND ADJUDGED** that Defendant Jayson Koss's Motion to Dismiss and, Alternatively, Motion for More Definite Statement, **ECF No. [12]**, and Defendants,

---

[5] As with the majority of Plaintiff's pleading requirements, Plaintiff once again embarks on a vehement attack on Defendants' assertions by referencing facts not present in the actual pleading. Again, the Court advises Plaintiff that new allegations may not be raised in responding to a motion to dismiss. *Wennersten*, 2012 WL 3230419, at *1 n.1. The case law concerning joint liability for owners and directors under the FLSA may be ironclad; it is, however, inapposite in light of Plaintiff's austere allegations.

Delivery Dudes, LLC, Delivery Dudes Franchise Systems, LLC, and Dude Holdings, LLC's Motion to Dismiss or, Alternatively, Motion for More Definite Statement, **ECF No. [23]**, are **GRANTED**. Plaintiff Justin Attai shall submit an amended pleading that complies with the guidance provided in this Order **on or before March 14, 2016**.

      **DONE AND ORDERED** in Miami, Florida this 2nd day of March, 2016.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:
Counsel of Record