UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Ft. Lauderdale Division
CASE NO. 15-cv-62522-VALLE

JUSTIN ATTAI, on behalf of himself and all
others similarly situated,

    Plaintiff,

vs.

DELIVERY DUDES, LLC, CORAL SPRINGS
DELIVERY DUDES, LLC, JAYSON KOSS,
RYAN STURGIS, MICHAEL SILVERMAN and
AUSTIN RAPPAPORT,

    Defendants.

_____/

**JOINT MOTION FOR ORDER REAFFIRMING FAIRNESS REVIEW and for DISMISSAL WITH PREJUDICE**

  Plaintiffs, JUSTIN ATTAI ("ATTAI") and RAYMOND CAMARENA ("CAMARENA") and Defendants, DELIVERY DUDES, LLC, CORAL SPRINGS DELIVERY DUDES, LLC, JAYSON KOSS, RYAN STURGIS, MICHAEL SILVERMAN and AUSTIN RAPPAPORT, by and through their respective undersigned counsel, file this joint motion for an order reaffirming the Court's fairness review approval of the terms of the Parties' settlement announced on the record in open court on April 14, 2016, which has now been reduced to writing and has been submitted simultaneously to chambers, and granting a dismissal with prejudice and respectfully state as follows:

1. ATTAI filed a complaint against Defendants[1] alleging minimum wage and overtime violations under the Fair Labor Standards Act ("FLSA"). CAMARENA

---

[1] Two original Defendants were named in the original complaint but dropped from the Amended Complaint, which added Coral Springs Delivery Dudes, LLC.

      filed a Notice of Consent to Join the lawsuit. Hereafter both ATTAI and CAMARENA are referred to collectively as the "Plaintiffs."

2. In response, Defendants filed motions to dismiss and motions for more definite statement (the "Motions") denying Plaintiffs' claims. The Motions were based, in part, on the Defendants' assertions that, at all times, Plaintiffs provided service only to CORAL SPRINGS DELIVERY DUDES, LLC.; they were independent contractors and, because there never was any employment relationship at all between Plaintiffs and Defendants, Plaintiffs cannot establish a claim for relief against any of the Defendants under either the FLSA. Defendants also contended that the court lacked subject matter jurisdiction because neither enterprise nor individual coverage existed. Defendants also contended that Plaintiffs failed to allege sufficiently that there existed a joint enterprise or joint employment among the Defendants or that a basis existed to include the individual Defendants.

3. Nevertheless, in an effort to avoid the costs and uncertainty of litigation, the parties have negotiated a settlement of this matter.

4. Pursuant to *Lynn's Food Stores, Inc. v. United States*, 679 F. 2d 1350 (11th Cir. 1982), claims for wages arising under the FLSA may be settled or compromised only with the approval of the Court or Secretary of Labor. Pursuant to *Lynn's Food*, the Court's review of a settlement agreement is to determine if it is "a fair and reasonable resolution of a bona fide dispute." Id. at 1354-55. If the settlement reflects a reasonable compromise over issues that are actually in dispute, the Court may approve the settlement "in order to promote the policy of

encouraging settlement of litigation." Id. at 1354.  In determining whether the settlement is fair and reasonable, the Court may consider the following factors:

(1) the existence of fraud or collusion behind the settlement:

(2) the complexity, expense, and likely duration of the litigation;

(3) the stage of the proceedings and the amount of discovery completed;

(4) the probability of plaintiff's success on the merits:

(5) the range of possible recovery; and

(6) the opinions of the counsel.

See, e.g., Leverso v. South Trust Bank of Ala., Nat. Assoc., 18 F.3d 1527. 1531 n.6 (11th Cir. 1994); Hamilton v. Frito-Lay, Inc., 2007 U.S. Dist. LEXIS 10287(M.D. Fla. Jan. 8, 2007).  A court should be mindful of the strong presumption in favor of finding a settlement fair. Hamilton, supra.   See, also Helms v. Central Fla. Reg. Hosp., 2006 U.S. Dist. LEXIS 92994 (M.D. Fla. Dec. 21, 2006).

5. In support of the Parties' position that this is a fair settlement, in addition to what was presented in open court on April 14, 2016 on the record, they offer the following:

- The Parties were represented by independent counsel who all have significant experience in the litigation of FLSA claims;

- The settlement sum and the final Settlement Agreement were the subject of arms-length negotiations in which Plaintiffs stipulated to withdraw and dismiss with prejudice their FLSA and FMWA claims against Defendants and instead accept a sum of money from CORAL SPRINGS DELIVERY DUDES, LLC. in exchange for providing an unconditional and full general release and other non-monetary consideration in favor of all Defendants;

- This case was resolved following the exchange of documents and initial disclosures and ongoing discussions by counsel for the parties of the respective merits of their claims and defenses;

- The parties agree that the settlement provide Plaintiffswith a sum of money and additional consideration which are benefits which the Plaintiffs might not have recovered at trial and which resolves all other employment disputes between the parties;

- There was no collusion, fraud, or any other inappropriate conduct by either Plaintiffs or Defendants with respect to the settlement ultimately agreed upon;

- The probability of success on the merits and length of future litigation militate in favor of this settlement. If the parties continued to litigate this matter, they would be forced to engage in costly litigation in order to prove their claims and defenses. This settlement, therefore, is a reasonable means for both parties to minimize future risks and litigation costs; and

- The attorneys' fees and costs claimed by the Plaintiffsis an amount approved by the Court after hearing statements by the Plaintiffs' counsel in open court,

6. The Parties, therefore, respectfully submit that their settlement agreement is consistent with the intent and purpose of the FLSA and the requirements on *Lynn's Food.* The Parties further represent to the Court that their settlement agreement includes every term and condition of the parties' settlement, and there are no side deals or other terms outside of those being provided to the Court for review.

7. Plaintiffs stipulate that the settlement reached by them is a reasonable compromise of their claims in view of the numerous disputed issues of fact in this case, including their relationship to the Defendants, the number of hours of service each Plaintiff actually performed; the amount and manner in which they were paid;and whether Defendants acted in good faith.

8. This Honorable Court concluded in open court April 14, 2016 that the terms of settlement were fair and satisfied the requirements under Lynn's Foods.

9.  Based upon the foregoing the parties further stipulate to and request the dismissal with prejudice of this action and for the Court to retain jurisdiction through May 15, 2016 to enforce the terms of settlement.

WHEREFORE, the Parties respectfully request that this Court issue an order reaffirming its previous fairness review of the terms of the parties' settlement and granting a dismissal with prejudice but retaining jurisdiction through May 15, 2016 to enforce the terms of the parties' written settlement agreement.

Respectfully submitted,

| | |
|---|---|
| LANGBEIN & LANGBEIN, P.A.<br>*Attorneys for Coral Springs Delivery Dudes*<br>8181 NW 154th Street, Suite 105<br>Miami Lakes, FL 33016<br>(Tel) (305) 556-3663<br>(Fax) (305) 556-3647<br><br>By: /s/ **Leslie W. Langbein**<br>LESLIE W. LANGBEIN<br>Florida Bar No. 305391<br>Email: langbeinpa@bellsouth.net | SCHWARZBERG & ASSOCIATES<br>*Attorneys for Defendants (not including Coral Springs Delivery Dudes LLC)*<br>625 North Flagler Drive, Suite 600<br>West Palm Beach, FL 33401<br>Telephone: (561) 659-3300<br>Facsimile: (561) 693-4540<br><br>By: /s/ ***Steven L. Schwarzberg***<br>STEVEN L. SCHWARZBERG<br>Florida Bar No. 0306134<br>steve@schwarzberglaw.com<br>mail@schwarzberglaw.com<br>LISA M. KOHRING<br>Florida Bar No. 93781<br>lkohring@schwarzberglaw.com<br>mail@schwarzberglaw.com |

MORGADO, P.A.
*Attorneys for Plaintiffs*
Alhambra Plaza, PH Floor
Coral Gables, FL 33134
p. 855-899-9121
f. 855-899-9191

By:/s/ **Dale J. Morgado**
DALE J. MORGADO
Florida Bar No. 64015
djm@morgado.us
DANIEL DAUPLAISE
ddd@morgado.us